Case 1:11-cv-01051-PLM Doc #4 Filed 09/30/11 Page 1 of 4 Page ID#31

FILED - LN
September 30, 2011 3:25 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY __lkd__ / _____ SCANNED BY /10/3/11

UNITED STATES OF AMERICA
FOR THE WESTERN DISTRICT OF MICHIGAN

UNITED STATES and
STATE OF MICHIGAN, *ex rel*,

Tolga Kurt, M.D. and
Amber West

   Plaintiff/Relator,

v.

Lakeshore Spine and Pain, P.C.;
Mission Physical Therapy, Inc.;
U.S. Rehab Services, P.C.;
U.S. Rehabiltation Services, Inc.;
Babubhai Rathod;
Shaila Rathod; and
Abid Agha, M.D.

   Defendants.

1:11-cv-1051
Paul L. Maloney, Chief Judge
United States District Court

## DISCLOSURE STATEMENT OF AMBER WEST.

NOW COMES, Amber West., and states that the following facts are true and correct and are based upon her personal knowledge:

1. I originally began employment with U.S. Rehab Services, P.C. on August 10, 2010, but left after one month. I returned on April 7, 2011, as its rehab director/marketer, and remain employed to this date.

2. I am responsible for management and supervision of all therapists and staff at U.S. Rehab facilities in Mt. Pleasant, Michigan, Edmore, Michigan, Alma, Michigan, Grand

Rapids, Michigan, Howard City, Michigan, Lansing Michigan, Gladwin, Michigan, and Beaverton, Michigan.

3. U.S. Rehab Services, P.C. provides physical therapy treatment to patients with pain and disability, both chronic and traumatically induced, and conducts business throughout the State of Michigan.

4. It is my understanding that the Medicaid and Medicare programs permit a medical provider to bill Medicaid and Medicare directly for medical treatment and therapy services.

5. It is my understanding that a Certificate of Medical Necessity is required for reimbursement for such treatment, and that certain portions are completed by the medical provider while other portions must be completed by the physician.

6. During the course of my employment with U.S. Rehab Services, P.C., I have personally observed a continuous, on-going, and pervasive scheme to increase billings to Medicare and Medicaid, for example:

    a. U.S. Rehab Services, P.C. routinely pays kick backs to independent physicians and other medical professionals in consideration of referrals for physical therapy services.

    b. U.S. Rehab Services, P.C. routinely pays referal to physicians and other medical professionals who are employed by Lakeshore Spine and Pain, P.C., and other related entities, in consideration of referrals for physical therapy services.

    c. As a part of my employment, I have been instructed to deliver kick back and referral checks to physicians and other medical professionals, both independent and employed by related entities.

    d. The checks which I am required to deliver recite that they are payments

for "mileage."

   e. I have been instructed to send a contract specifically outlining a kickback scheme to Dr. Rau, an orthopedic surgeon in Big Rapids, which contract was rejected by Dr. Rau because he and his attorneys recognized that it violated the law.

   f. All U.S. Rehab Services, P.C. offices with which I am familiar engage in the improper payment of kickbacks to independent physicians and referral fees to physicians employed by related entities.

   g. The referral and kick back fees paid are determined by the type of service and frequency of referral; and also by the identity of the payor. For example, the highest kick back and referral fees are paid with respect to Medicare and Blue Cross/Blue Shield patients.

  7. I voiced my concerns to my immediate superior, Rick Nakum, who responded only that such "compensation" was appropriate and necessary. I expressed my concern by email to Babubhai "Bob" Rathod, the de facto owner of U.S. Rehab Serivices, P.C. (it was incorporated by his wife, Shaila), who responded that everything they do is legal because they have consulting agreements with all of the physicians to whom they pay kickbacks and referral fees. To the best of my knowledge, the offensive practices continue to this day and are pervasive throughout U.S. Rehab Services, P.C., and all of its related entities.

  8. On information and belief, these billing practices have resulted in substantial overcharges to the Medicare and Medicaid Programs because the Government has provided payments for services at inflated charges, and has paid for services tainted by unlawful kick back and referral payments.

  9. Simultaneous with this disclosure, affiant has provided documentation substantiating the massive scope and breadth of the fraud being perpetrated; and such documents

are incorporated in this disclosure.

FURTHER AFFIANT SAYETH NOT.

Dated: September 14, 2011

_____
Amber West

STATE OF MICHIGAN   )
                                 )SS
COUNTY OF GRATIOT   )

Subscribed and sworn to before me this 14th day of September, 2011, by Amber West.

_____
Charles M. Fortino, Notary Public
Gratiot County, Michigan
My Commission Expires: 07/08/2012
Acting in Gratiot County