UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA and
THE STATE OF MICHIGAN, *ex rel.*
TOLGA KURT, M.D., and AMBER WEST,

        Plaintiffs,

v.

U.S. REHAB SERVICES, P.C., *et al.*,

        Defendants
_____/

Case No. 1:11-cv-1051

Hon. Paul L. Maloney,
Chief United States District Judge

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES OF AMERICA
AND STATE OF MICHIGAN'S *EX PARTE* APPLICATION TO UNSEAL
NOTICES CONCERNING POSSIBLE BREACHES OF SEAL**

Pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(2), and the Michigan Medicaid False Claims Act, MICH. COMP. LAWS § 400.610a(2), the United States of America and the State of Michigan (the "Government Plaintiffs") hereby request, *ex parte*, a lift of the seal on the United States of America and State of Michigan's *Ex Parte* Notice Concerning Possible Breach of Seal, Docket No. ("Dkt.") 7, and the United States of America and State of Michigan's Second *Ex Parte* Notice Concerning Possible Breaches of Seal, Dkt. 12 (collectively, the "Notices of Possible Seal Breaches"). The Government Plaintiffs further request that all other papers or Orders on file in this matter remain under seal, except to the extent that the seal was previously lifted by this Court. *See* Orders, Dkt. 24, 29. As discussed more fully below, the Government Plaintiffs' application to lift the seal on the Notices of Possible Seal Breaches will (1) facilitate discovery in a related criminal case, *United States v. Rathod, et al.*, No. 1:12-CR-00017 (W.D. Mich.); and (2) permit the Government Plaintiffs to file a Third *Ex Parte* Notice

Concerning Possible Breaches of Seal, which builds on and incorporates by reference the Notices of Possible Seal Breaches.

## BACKGROUND

The False Claims Act and Michigan Medicaid False Claims Act provide for the award of treble damages and civil penalties for, among other things, the presentation of a false claim or the making of a false statement in order to obtain a payment from the United States Government or the State of Michigan. 31 U.S.C. § 3729(a); MICH. COMP. LAWS § 400.612(1). These statutes permit private persons to bring a *qui tam* action "for the person and for the United States Government," 31 U.S.C. § 3730(b)(1), and "in the name of [the State of Michigan]," MICH. COMP. LAWS § 400.610a(1). With certain exceptions, such relators are entitled to a share of the proceeds of a judgment or settlement of their *qui tam* actions. *See* 31 U.S.C. § 3730(d); MICH. COMP. LAWS § 400.610a(9).

The False Claims Act and the Michigan Medicaid False Claims Act provide that the complaint shall remain under seal after receipt by the United States and the State of Michigan of the complaint and a statement of material evidence and information. 31 U.S.C. § 3730(b)(2) (stating that relators must file a *qui tam* complaint "in camera," after which the complaint "*shall*" remain under seal for at least 60 days . . . .") (emphasis added); MICH. COMP. LAWS § 400.610a(2) ("If a person other than the attorney general initiates an action under this section, the complaint *shall* remain under seal . . . .") (emphasis added). The seal period begins to run when the Government Plaintiffs receive both the complaint and the material evidence and information. *See* 31 U.S.C. § 3730(b)(2); MICH. COMP. LAWS § 400.610a(3). The False Claims Act and Michigan Medicaid False Claims Act provide for extensions of the seal period. *See* 31 U.S.C. § 3730(b)(3); MICH. COMP. LAWS § 400.610a(3).

A.   **The Civil Case**

Relators' Complaint and Disclosure Statements were filed with the Court and served on the Government Plaintiffs on September 30, 2011. In their Complaint, Relators allege that certain entities owned by or affiliated with Babubhai Rathod (the "Rathod Companies") paid illegal kickbacks to practitioners for referring patients to the Rathod Companies for various services (the "Kickback Scheme"). *See* Complaint, Dkt. 1 ¶¶ 45–62. Relators further allege that certain Rathod Companies submitted false claims to federal health care programs for these services, and that certain principals of the Rathod Companies caused such false claims to be submitted, in violation of the False Claims Act, 31 U.S.C. § 3729, *et seq.*, the federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b, the federal physician self-referral statute (the so-called "Stark Law"), 42 U.S.C. § 1395nn, and the Michigan Medicaid False Claims Act, MICH. COMP. LAWS § 400.607.

In their Complaint, Relators also allege that certain Rathod Companies systematically increased the Current Procedural Terminology ("CPT") codes for services rendered by employed practitioners in order to fraudulently obtain higher reimbursements from federal health care programs (the "Upcoding Scheme"). *See* Complaint, Dkt. 1 ¶¶ 66–71. Relators allege that these Rathod Companies therefore submitted false claims, and that certain principals of the Rathod Companies caused such false claims to be submitted, in violation of the False Claims Act, 31 U.S.C. § 3729, *et seq.*, and the Michigan Medicaid False Claims Act, MICH. COMP. LAWS § 400.607.

On May 29, 2012, the Government Plaintiffs filed their Notice of Election to Intervene, notifying the Court that they "hereby intervene and intend to proceed with this action." The United States of America and State of Michigan's Notice of Election to Intervene (the "Notice of

3

Intervention"), Dkt. 23. This Court, at the Government Plaintiffs' request, subsequently unsealed Relators' Complaint, the Government Plaintiffs' Notice of Intervention, and the order unsealing the *qui tam* case. *See* Order, Dkt. 24. On June 11, 2012, at the Government Plaintiffs' request, this Court further unsealed (1) the disclosure statements of Relators Tolga Kurt, M.D., and Amber West; and (2) documentary evidence incorporated by reference into, or otherwise provided to the Government Plaintiffs in connection with, those disclosure statements. *See* Order, Dkt. 29. All other papers and Orders on file in this case remain under seal. *See id.*

### B.  The Criminal Case

On January 24, 2012, the United States unsealed an indictment charging Babubhai Rathod, Rajesh Makwana, Raju Nakum, Lino S. Dial, Jr., Natalie Schutte, P.A., Niti Thakur, M.D., Andre Blair Smith, M.D., and Muhammad Salman Rais, M.D., with a conspiracy to pay and receive health care kickbacks in violation of 18 U.S.C. § 371 and the federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b. *See* Indictment, *United States v. Rathod, et al.*, No. 1:12-CR-00017 (W.D. Mich. Jan. 19, 2012), Dkt. 1. The allegations set forth in that indictment mirrored the Kickback Scheme that relators described in the *qui tam* action. *See id.* ¶¶ 20–31.[1]

On April 19, 2012, as the Government Plaintiffs' parallel investigations continued, the United States unsealed a superseding indictment that (1) charges Babubhai Rathod, Rajesh Makwana, Raju Nakum, Lino S. Dial, Jr., D.O., Natalie Schutte, P.A., Andre Blair Smith, M.D., Clinton James Cornell, P.A., and John Eric Roberts, P.A., with a conspiracy to pay and receive health care kickbacks in violation of 18 U.S.C. § 371 and the federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b; and (2) charges Babubhai Rathod, Rajesh Makwana, and Sandeepkumar

---

[1] The State of Michigan also charged Kevin S. Witt, D.O., with two felony violations of receiving kickbacks in exchange for referring patients for treatment elsewhere in violation of MICH. COMP. LAWS § 400.604.

Kantilal Patel with a conspiracy to commit health care fraud in violation of 18 U.S.C. §§ 1347 and 1349. *See id.*, Dkt. 89. The allegations set forth in this superseding indictment mirror both the Kickback and Upcoding Schemes that relators described in the *qui tam* action. *See id.* ¶¶ 21–44. The criminal case is currently set for trial starting on November 27, 2012.

## DISCUSSION

The legislative history of the False Claims Act makes clear that a *qui tam* complaint is kept under seal to allow the Government to pursue inquiries into a relator's allegations, "fully evaluate" the evidence, and determine whether or not to intervene:

> Keeping the *qui tam* complaint under seal . . . is intended to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action.

S. Rep. No. 99-345, 99th Cong. 2nd Sess. 24 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 5289. The Government Plaintiffs determined that it is in their interest to intervene and take over the civil action, and accordingly requested that Relators' Complaint, among other things, be unsealed. *See* Notice of Intervention, Dkt. 23; Order, Dkt. 24.

On June 8, 2012, the Government Plaintiffs further requested that the seals on Relators' disclosure statements and supporting documents be lifted to, among other things, facilitate the United States' disclosure obligations in the criminal case. *See* Memorandum of Law in Support of the United States of America and State of Michigan's *Ex Parte* Application to Unseal Disclosure Statements and Related Documentary Evidence, Dkt. 26 at 5–7. This Court granted

the Government Plaintiffs' request on June 11, 2012. *See* Order, Dkt. 29. For similar reasons, the Government Plaintiffs now request that the Notices of Possible Seal Breaches be unsealed.[2]

The Federal Rules of Criminal Procedure require the United States to, upon a defendant's request, permit the defendant to:

> inspect and to copy or photograph . . . papers [and] documents . . . if the item is within the government's possession, custody or control and
>
> (i)     the item is material to preparing the defense;
>
> (ii)    the government intends to use the item in its case-in-chief at trial; or
>
> (iii)   the item was obtained from or belongs to the defendant.

FED. R. CRIM. P. 16(a)(1)(E).

The defendants in the criminal case recently raised questions as to whether items that remain sealed in this *qui tam* case fall into one or more of the categories enumerated in Rule 16(a)(1)(E). While the Government Plaintiffs do not concede that any of these items must be disclosed under the Federal Rules of Criminal Procedure, the United States, solely out of an abundance of caution and to robustly comply with its discovery obligations, intends to provide the defendants in the criminal case with the Notices of Possible Seal Breaches. The United States cannot do so, however, without potentially violating the seal in this civil *qui tam* action. *See* Order, Dkt. 29 (stating that "all other papers and Orders on file shall remain under seal, except insofar as the seal has been previously lifted by this Court"). Lifting the seal on the Notices of Possible Seal Breaches will therefore assist the United States in providing discovery to the defendants in the criminal case.

---

[2] The Government Plaintiffs recently learned that Relator Tolga Kurt, M.D., may have submitted a document to the Court that pertains to matters raised in the Notices of Possible Seal Breaches. *See* Sealed Document, Dkt. 22. The Government Plaintiffs requested that correspondence, but have neither seen nor been served with it. If the Court sees fit, the Government Plaintiffs respectfully request that document be unsealed and served on the Government Plaintiffs in connection with this application.

In addition, the Government Plaintiffs are prepared to file a Third *Ex Parte* Notice Concerning Possible Breaches of Seal (the "Third Notice") with the Court. Consistent with this Court's May 29, 2012 Order, which provides that "the seal shall be lifted on all matters occurring in this action after the date of this Order," the Government Plaintiffs do not intend to file the Third Notice under seal. Dkt. 24. The Third Notice, however, builds on and incorporates by reference the Notices of Possible Seal Breaches—that is, two sealed documents. To avoid violating the seals on those documents, even indirectly, the Government Plaintiffs respectfully request that the Court lift the seals on the Notices of Possible Seal Breaches.

For the foregoing reasons, the Government Plaintiffs respectfully request that the seals on the Notices of Possible Seal Breaches be lifted to (1) permit the United States to disclose those documents to the defendants in the criminal case; and (2) permit the Government Plaintiffs to file their Third Notice. The Government Plaintiffs further request that all other papers on file in this action remain under seal because, in discussing the content and extent of the Government Plaintiffs' investigation, such papers were provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended. A proposed order accompanies this application.

Dated: July 30, 2012                Respectfully submitted,

PATRICK A. MILES, JR.
United States Attorney

_/s/ Adam B. Townshend_
ADAM B. TOWNSHEND
Assistant U.S. Attorney
U.S. Attorney's Office, Western District of Michigan
330 Ionia Ave. NW, Suite 501
Grand Rapids, MI 49503
Tel: (616) 808-2130
E-mail: adam.townshend@usdoj.gov

JOYCE R. BRANDA
RENEE BROOKER
VANESSA REED
Department of Justice
Civil Division, Fraud Section
601 D Street NW, Room 1210
Washington, D.C. 20004


BILL SCHUTTE
Attorney General, State of Michigan

_/s/ Jeffrey Schroder / ABT with permission_
JEFFREY SCHRODER
Assistant Attorney General
Health Care Fraud Division
P.O. Box 30218
Lansing, MI 48909
Tel: (517) 241-6500
E-mail: schroderj@michigan.gov