UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF MICHIGAN, *ex rel.* TOLGA KURT and AMBER WEST, <br>       Plaintiffs, <br>-v- <br>LAKESHORE SPINE AND PAIN, P.C., MISSION PHYSICAL THERAPY, INC., U.S. REHAB SERVICES, P.C., U.S. REHABILITATION SERVICES, INC., BABUBHAI RATHOD, SHAILA RATHOD, and ABID AGHA, <br>       Defendants. | No. 1:11-cv-1051 <br><br> HONORABLE PAUL L. MALONEY |

## ORDER TO SHOW CAUSE

On September 30, 2011 Relators Tolga Kurt and Amber West filed this *qui tam* action on behalf of the United States of America and the State of Michigan. (ECF No. 1.) They allege violations of the False Claims Act, 31 U.S.C. § 3729 *et seq.*, and the Michigan Medicaid False Claims Act, Mich. Comp. Laws § 400.601 *et seq.* Relators filed their complaint under seal, as required by 31 U.S.C. § 3730(b)(2) and Mich. Comp. Laws § 400.610a(2). The court ordered that the names of the parties or the existence of the lawsuit not be disclosed. On May 29, 2012, both Michigan and the United States elected to intervene in the action. Accordingly, the complaint and related documents were unsealed.

Under Sixth Circuit precedent, a *qui tam* plaintiff/relator who fails to abide by the False Claims Act's procedural requirements is precluded from asserting *qui tam* status. *United States ex rel. Summers v. LHC Group, Inc.*, 623 F.3d 287, 296 (6th Cir. 2010); *United States ex rel.*

*Fellhoelter v. Valley Milk Prods.*, 617 F. Supp. 2d 723, 727–28 (E.D. Tenn. 2008). On November 23, 2011, on January 10, 2012, and again on August 30, 2012, the United States and the State of Michigan filed with the court notices regarding statements that Relator Kurt allegedly made to third parties regarding this action and the governments' investigation of related claims. (ECF Nos. 7, 12, 33.) The allegations contained in the governments' filings strongly suggest that Relator Kurt has failed to comply with the court order sealing this case and/or the procedural requirements set out in the False Claims Act and Michigan Medicaid False Claims Act.

For these reasons, **IT IS HEREBY ORDERED** that:

(1) Relator Tolga Kurt shall **SHOW CAUSE** in writing why he should not be dismissed from this matter, or why other sanctions should not issue, including, but not necessarily limited to, a finding of contempt for failure to comply with this court's sealing order and the statutory requirement that a *qui tam* complaint "shall remain under seal." 31 U.S.C. § 3730(b)(2); Mich. Comp. Laws § 400.610a(2). Relator Kurt shall file his show-cause brief within twenty-eight days of the date of this Order.

(2) The United States and the State of Michigan may file a responsive brief no later than fourteen days after Relator Kurt's brief is filed.

(3) The Court reserves the right to conduct an evidentiary hearing on this matter and/or take oral arguments in open court.


Date:   September 5, 2012                                            /s/ Paul L. Maloney
                                                                     Paul L. Maloney
                                                                     Chief United States District Judge