UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
and the STATE OF MICHIGAN,
*ex rel.* AMBER WEST,

               Plaintiffs,                           Case No. 1:11-CV-1051

v.                                               Hon. Paul L. Maloney
                                                 Chief United States District Judge

LAKESHORE HOME HEALTH CARE,
INC., *et al.*,

               Defendants.

_____/

## CONSENT JUDGMENT AGAINST
## DEFENDANTS BABUBHAI B. RATHOD AND LAKESHORE SPINE & PAIN, P.C.

### Introduction

    1.    This litigation arises from an action filed by Relator, captioned *United States, et al., ex rel. West v. U.S. Rehab Services, P.C., et al.*, No. 1:11-cv-1051 (W.D. Mich.) (Docket No. ("Dkt.") 1), under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b), and the Michigan Medicaid False Claims Act, MICH. COMP. LAWS § 400.610a(1). On September 19, 2012, the United States of America and the State of Michigan (the "Government Plaintiffs"), having intervened in this *qui tam* action, filed a Complaint Upon Intervention styled *United States, et al., ex rel. West v. Lakeshore Home Health Care, Inc., et al.*, No. 1:11-cv-1051 (W.D. Mich.) (Dkt. 35).

    2.    As set forth more fully in their Complaint Upon Intervention, the Government Plaintiffs contend that they have certain civil claims against Defendants Babubhai B. Rathod and Lakeshore Spine & Pain, P.C. ("LSSP") arising from claims that LSSP and other health care

companies owned and/or controlled by Mr. Rathod submitted to Medicare and Medicaid between January 1, 2007 and January 24, 2012 for physical therapy, electrodiagnostic testing, and/or home health care services that were referred to those companies in exchange for illegal remuneration and/or kickbacks in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b, the physician self-referral statute (the "Stark Law"), 42 U.S.C. § 1395nn, the False Claims Act, 31 U.S.C. § 3729, *et seq.*, the Michigan Medicaid False Claims Act, MICH. COMP. LAWS §§ 400.604, 400.607, 400.610a, and the common law.

As set forth more fully in their Complaint Upon Intervention, the Government Plaintiffs further contend that they have certain civil claims against Mr. Rathod and LSSP arising from claims that LSSP submitted to Medicare and Medicaid between January 1, 2007 and January 24, 2012 using medical billing codes that reflected more complex and expensive services than the services that were actually rendered to patients in violation of the False Claims Act, 31 U.S.C. § 3729, *et seq.*, the Michigan Medicaid False Claims Act, MICH. COMP. LAWS §§ 400.607, 400.610a, and the common law.

## Jurisdiction and Venue

3.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1345, 1355(a), 1367, and 31 U.S.C. §§ 3732(a) and 3732(b).  Defendants Rathod and LSSP admit that this Court has jurisdiction over them and the subject matter of this action.

4.      Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), 1395(a), and 31 U.S.C. § 3732(a).

## The Parties' Settlement Agreement

5.      To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the Government Plaintiffs' claims, the Government Plaintiffs, Defendants Rathod

and LSSP, and Relator (the "Parties") have agreed to compromise their respective positions and to fully and finally resolve their disputes on the terms and conditions set forth in the Settlement Agreement attached hereto as Exhibit 1. Pursuant to Paragraph 1 of the Settlement Agreement, the Parties have stipulated to entry of this Consent Judgment.

6.     The Court finds that the Settlement Agreement and this Consent Judgment are fair, adequate, and reasonable within the meaning of the False Claims Act, 31 U.S.C. § 3730(c)(2)(B), and the Michigan Medicaid False Claims Act, MICH. COMP. LAWS § 400.610a(5)(b).

7.     The Court further finds that it has jurisdiction to enter this Consent Judgment. Accordingly, IT IS HEREBY AGREED, ORDERED, AND ADJUDGED as follows:

**Terms of Consent Judgment**

a.     Judgment is hereby entered in favor of the Government Plaintiffs against Defendants Babubhai B. Rathod and Lakeshore Spine & Pain, P.C., jointly and severally, in the amount of ONE MILLION, ONE HUNDRED THOUSAND DOLLARS ($1,100,000); and

b.     The Court shall maintain jurisdiction over this action as it pertains to Defendants Babubhai B. Rathod and Lakeshore Spine & Pain, P.C., only for purposes of enforcing this Consent Judgment.

IT IS SO ORDERED.

Dated: July 3, 2013             /s/ Paul L. Maloney

                                          Hon. Paul L. Maloney
                                          Chief United States District Judge

The Parties hereby apply for and consent to the entry of this Consent Judgment.

## FOR THE UNITED STATES OF AMERICA

PATRICK A. MILES, JR.
United States Attorney

By: _Adam B. Townshend_         Dated: _6/21/13_

ADAM B. TOWNSHEND
Assistant U.S. Attorney
U.S. Attorney's Office,
Western District of Michigan
330 Ionia Ave. NW, Suite 501
Grand Rapids, MI 49503

## FOR THE STATE OF MICHIGAN

BILL SCHUTTE
Attorney General

By: _Jeffrey Schroder /ABT with permission_      Dated: _6/21/13_

JEFFREY SCHRODER
Assistant Attorney General
Health Care Fraud Division
P.O. Box 30218
Lansing, MI 48909

## FOR BABUBHAI B. RATHOD

By: _____          Dated: _6 | 17 | 13_

BABUBHAI B. RATHOD

## FOR LAKESHORE SPINE & PAIN, P.C.

By: _____          Dated: _6 | 17 | 13_

BABUBHAI B. RATHOD
as an officer of
Lakeshore Spine & Pain, P.C.

**FOR RELATOR AMBER WEST**

By: _____     Dated: __6 - 18 - 13__
     AMBER WEST

By: _____     Dated: __6/18/13__
     CHARLES M. FORTINO
     Fortino, Plaxton & Costanzo, P.C.
     214 East Superior Street
     Alma, MI 48801

     Counsel for Amber West

By: _____     Dated: __6/18/13__
     ALAN G. GILCHRIST
     The Health Law Partners, P.C.
     29566 Northwestern Highway, Suite 200
     Southfield, MI 48034

     Counsel for Amber West

EXHIBIT 1

**(Settlement Agreement)**

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General ("OIG-HHS") of the Department of Health and Human Services ("HHS"), the State of Michigan ("Michigan," and together with the United States, the "Government Plaintiffs"), Lakeshore Spine & Pain, P.C. ("LSSP"), Babubhai B. Rathod ("Mr. Rathod"), and Relator Amber West (hereafter collectively referred to as the "Parties"), through their authorized representatives.

## RECITALS

A.      LSSP is a professional corporation that operates medical clinics across the State of Michigan.  LSSP's registered address is 5511 West U.S. Highway 10, Ludington, MI 49431.  LSSP provides services, including electrodiagnostic testing, to, among others, individuals insured by Federal health care programs, including Medicare and Medicaid. LSSP submits claims for reimbursement to Federal health care programs for services rendered to these individuals.

B.      Mr. Rathod is an individual residing at 2027 Timberview Drive, Okemos, MI 48864.  Between January 1, 2007 and January 24, 2012, Mr. Rathod directed and had the ultimate authority over all operations at a number of health care companies, including LSSP, Lakeshore Home Health Care, Inc., Mission Physical Therapy, Inc., U.S. Rehab Services P.C., and U.S. Rehabilitation Services, Inc. (collectively, the "Rathod Companies").  The operations that Mr. Rathod directed and over which Mr. Rathod had the ultimate authority included, but were not limited to, the submission of claims for

reimbursement to Federal health care programs for services rendered by the Rathod Companies.

C. On September 30, 2011, Relator Amber West filed a *qui tam* action in the United States District Court for the Western District of Michigan captioned *United States, et al., ex rel. West v. U.S. Rehab Services P.C., et al.*, No. 1:11-CV-1051 (W.D. Mich.) under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b), and the Michigan Medicaid False Claims Act, MICH. COMP. LAWS § 400.610a(1) (the "Civil Action"). In the Civil Action, Relator alleged that (1) health care entities owned and controlled by Mr. Rathod, by and through their corporate principals, paid illegal remuneration and/or kickbacks to medical practitioners in order to induce the referral of patients to those companies for health care services; and (2) LSSP submitted claims to Federal health care programs using medical billing codes that reflected more complex and expensive services than the services that were actually rendered to patients. The Government Plaintiffs intervened in the Civil Action on May 29, 2012 and filed their Complaint Upon Intervention on September 19, 2012.

D. The Government Plaintiffs contend that Mr. Rathod and LSSP submitted or caused to be submitted claims for payment to Medicare, Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1, and Medicaid, 42 U.S.C. §§ 1396–1396w-5.

E. The Government Plaintiffs contend that they have certain civil claims against Mr. Rathod and LSSP arising from claims that the Rathod Companies submitted to Medicare and Medicaid between January 1, 2007 and January 24, 2012 for physical therapy, electrodiagnostic testing, and/or home health care services that were referred to the Rathod Companies in exchange for illegal remuneration and/or kickbacks in violation

of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b, the physician self-referral statute (the "Stark Law"), 42 U.S.C. § 1395nn, the False Claims Act, 31 U.S.C. § 3729, *et seq.*, the Michigan Medicaid False Claims Act, MICH. COMP. LAWS §§ 400.604, 400.607, 400.610a, and the common law. The Government Plaintiffs further contend that they have certain civil claims against Mr. Rathod and LSSP arising from claims that LSSP submitted to Medicare and Medicaid between January 1, 2007 and January 24, 2012 using medical billing codes that reflected more complex and expensive services than the services that were actually rendered to patients in violation of the False Claims Act, 31 U.S.C. § 3729, *et seq.*, the Michigan Medicaid False Claims Act, MICH. COMP. LAWS §§ 400.607, 400.610a, and the common law. The conduct described above and outlined more fully in the Government Plaintiffs' Complaint Upon Intervention in the Civil Action is referred to below as the "Covered Conduct."

      F.     This Agreement is neither an admission of liability by Mr. Rathod or LSSP, except to the extent admitted in the guilty pleas of Mr. Rathod, Raju G. Nakum, Rajesh C. Makwana, and Sandeepkumar Kantilal Patel in *United States v. Rathod, et al.*, No. 1:12-CR-17 (W.D. Mich.), nor is this Agreement a concession by the Government Plaintiffs that their claims are not well founded.

      G.     Relator claims entitlement under the False Claims Act, 31 U.S.C. § 3730(d), and the Michigan Medicaid False Claims Act, MICH. COMP. LAWS § 400.610a(9), to a share of the proceeds of this Agreement and to Relator's reasonable expenses, attorney's fees and costs.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Agreement, the Parties agree and covenant as follows:

### TERMS AND CONDITIONS

1.  Mr. Rathod and LSSP shall jointly and severally pay the United States ONE MILLION ONE HUNDRED THOUSAND DOLLARS ($1,100,000) (the "Settlement Amount"). The Parties stipulate and agree that the Settlement Amount will be paid pursuant to a Consent Judgment, in the form attached hereto as Exhibit A, that will be entered in the Civil Action when this Agreement has been executed by all Parties.

If, on or before July 19, 2013, Mr. Rathod and LSSP deliver a certified or cashier's check in the amount of one million dollars ($1,000,000) to the United States Attorney's Office for the Western District of Michigan, P.O. Box 208, Grand Rapids, MI 49501-0208, with the notation **1:11-CV-1051**, then the Parties shall file a Satisfaction of Consent Judgment in the Civil Action.

2.  Mr. Rathod and LSSP shall pay to Relator expenses, attorney's fees, and costs in an amount to be negotiated by Relator, Mr. Rathod, and LSSP, or as set forth in an order from the United States District Court for the Western District of Michigan, as the case may be.

3.  Subject to the exceptions in Paragraph 7 and 8 (concerning excluded claims) below, and conditioned upon Mr. Rathod and LSSP's full payment of the Settlement Amount, and subject to Paragraph 21 below (concerning bankruptcy proceedings commenced within 91 days of the Effective Date of this Agreement or any payment made under this Agreement), the United States releases Mr. Rathod and LSSP

4

from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. § 3729, *et seq.*, the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a, the Program Fraud Civil Remedies Act, 31 U.S.C. § 3801, *et seq.*, the civil monetary penalty provisions of the Stark Law, 42 U.S.C. §§ 1395nn(g)(3), 1395nn(g)(4), and the common law theories of payment by mistake, unjust enrichment, disgorgement, recoupment of overpayments, and fraud.

4.      Subject to the exceptions in Paragraphs 7 and 8 (concerning excluded claims) below, and conditioned upon Mr. Rathod and LSSP's full payment of the Settlement Amount, Michigan releases Mr. Rathod and LSSP from any civil or administrative monetary claim Michigan has for the Covered Conduct under the Michigan Medicaid False Claims Act, MICH. COMP. LAWS § 400.601, *et seq.*, the Social Welfare Act, MICH. COMP. LAWS § 400.111a–j, or the common law theories of payment by mistake, unjust enrichment, disgorgement, recoupment of overpayments, and fraud.

5.      Subject to the exceptions in Paragraphs 7 and 8 below, and conditioned upon Mr. Rathod and LSSP's full payment of the Settlement Amount, and subject to Paragraph 21, below (concerning bankruptcy proceedings commenced within 91 days of the Effective Date of this Agreement or any payment made under this Agreement), Relator, for herself and for her heirs, successors, attorneys, agents, and assigns, releases Mr. Rathod and LSSP from any civil monetary claim the Relator has on behalf of the United States for the Covered Conduct under the False Claims Act, 31 U.S.C. § 3729, *et seq.*, and the Michigan Medicaid False Claims Act, MICH. COMP. LAWS § 400.601, *et seq.*

6.      In compromise and settlement of the rights of OIG-HHS to exclude Mr. Rathod pursuant to 42 U.S.C. §§ 1320a-7(a)(1) and 1320a-7(b)(7) and LSSP pursuant to

42 U.S.C. §§ 1320a-7(b)(7) based upon the Covered Conduct, Mr. Rathod and LSSP agree to be excluded under this statutory provision from Medicare, Medicaid, and all other Federal health care programs, as defined in 42 U.S.C. § 1320a-7b(f), for a period of 20 years. The exclusion shall be effective upon the Effective Date of this Agreement.

Such exclusion shall have national effect. Federal health care programs shall not pay anyone for items or services, including administrative and management services, furnished, ordered, or prescribed by Mr. Rathod and/or LSSP in any capacity while Mr. Rathod and LSSP are excluded. This payment prohibition applies to Mr. Rathod, LSSP, and all other individuals and entities (including, for example, anyone who employs or contracts with Mr. Rathod or LSSP, and any hospital or other provider where Mr. Rathod or LSSP provide services). The exclusion applies regardless of who submits the claim or other request for payment. Mr. Rathod and LSSP shall not submit or cause to be submitted to any Federal health care program any claim or request for payment for items or services, including administrative and management services, furnished, ordered, or prescribed by Mr. Rathod or LSSP during the exclusion. Violation of the conditions of the exclusion may result in criminal prosecution, the imposition of civil monetary penalties and assessments, and an additional period of exclusion. Mr. Rathod and LSSP further agree to hold the Federal health care programs, and all federal beneficiaries and/or sponsors, harmless from any financial responsibility for items or services furnished, ordered, or prescribed to such beneficiaries or sponsors after the effective date of the exclusion. Mr. Rathod and LSSP waive any further notice of the exclusions and agree not to contest such exclusions either administratively or in any state or federal court.

6

Reinstatement to program participation is not automatic. If Mr. Rathod or LSSP wish to be reinstated, they must submit a written request for reinstatement to OIG-HHS in accordance with the provisions of 42 C.F.R. §§ 1001.3001–1001.3005. Such request may be made to OIG-HHS no earlier than 120 days prior to the expiration of the 20-year period of exclusion. Reinstatement becomes effective upon application by Mr. Rathod or LSSP, approval of the application by OIG-HHS, and notice of reinstatement by OIG-HHS. Obtaining another license, moving to another state, or obtaining a provider number from a Medicare contractor, a state agency, or a Federal health care program does not reinstate Mr. Rathod or LSSP's eligibility to participate in these programs.

7. Notwithstanding the releases given in Paragraphs 3 and 4 of this Agreement, or any other term of this Agreement, the following claims of the United States are specifically reserved and are not released:

      a.     Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

      b.     Any criminal liability;

      c.     Except as explicitly stated in this Agreement, any administrative liability, including mandatory exclusion from Federal health care programs;

      d.     Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

      e.     Any liability based upon obligations created by this Agreement;

      f.     Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services;

      g.     Any liability for failure to deliver goods or services due;

      h.     Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct; and

        i.        Any liability of individuals (including current or former directors, officers, employees, agents, or shareholders of the Rathod Companies) who receive written notification that they are the target of a criminal investigation (as defined in the United States Attorneys' Manual), are indicted or charged, or who enter into a plea agreement, related to the Covered Conduct.

8.      Notwithstanding the releases given in this Agreement, or any other term of this Agreement, the following claims of Michigan are specifically reserved and are not released:

        a.      Any liability arising under state revenue laws;

        b.      Any criminal liability;

        c.      Except as explicitly stated in this Agreement, any administrative liability, including mandatory exclusion from State health care programs;

        d.      Any liability to Michigan (or its agencies) for any conduct other than the Covered Conduct;

        e.      Any liability based upon obligations created by this Agreement;

        f.      Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services;

        g.      Any liability for failure to deliver goods or services due;

        h.      Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct; and

        i.        Any liability of individuals (including current or former directors, officers, employees, agents, or shareholders of the Rathod Companies) who receive written notification that they are the target of a criminal investigation, are indicted or charged, or who enter into a plea agreement, related to the Covered Conduct.

9.      Relator and her heirs, successors, attorneys, agents, and assigns shall not object to this Agreement but agree and confirm that this Agreement is fair, adequate, and

reasonable under all the circumstances, pursuant to the False Claims Act, 31 U.S.C. § 3730(c)(2)(B), and the Michigan Medicaid False Claims Act, MICH. COMP. LAWS § 400.610a(5)(b). In connection with this Agreement and this Civil Action, Relator and her heirs, successors, attorneys, agents, and assigns agree that neither this Agreement, any intervention by the United States in the Civil Action in order to dismiss the Civil Action, nor any dismissal of the Civil Action, shall waive or otherwise affect the ability of the United States to contend that provisions in the False Claims Act, including 31 U.S.C. §§ 3730(d)(3) and 3730(e), bar Relator from sharing in the proceeds of this Agreement. Moreover, the United States and Relator and her heirs, successors, attorneys, agents, and assigns agree that they each retain all of their rights pursuant to the False Claims Act on the issue of the share percentage, if any, that Relator should receive of any proceeds of the settlement of her claim(s) and that no agreements concerning Relator share have been reached to date.

10.     Conditioned upon Relator's receipt of the payments described in Paragraph 2, Relator, for herself and for her heirs, successors, attorneys, agents, and assigns, shall release Mr. Rathod, LSSP, and LSSP's officers, agents, and employees, from any liability to Relator arising from the filing of the Civil Action, or under the False Claims Act, 31 U.S.C. § 3730(d), and the Michigan Medicaid False Claims Act, MICH. COMP. LAWS § 400.610a(9), for expenses or attorney's fees and costs.

11.     Mr. Rathod and LSSP have provided sworn financial disclosure statements (Financial Statements) to the Government Plaintiffs and the Government Plaintiffs have relied on the accuracy and completeness of those Financial Statements in reaching this Agreement. Mr. Rathod and LSSP warrant that the Financial Statements are complete,

accurate, and current. If the Government Plaintiffs learn of asset(s) in which Mr. Rathod or LSSP had an interest at the time of this Agreement that were not disclosed in the Financial Statements, or if the Government Plaintiffs learn of any misrepresentation by Mr. Rathod or LSSP on, or in connection with, the Financial Statements, and if such nondisclosure or misrepresentation changes the estimated net worth set forth in the Financial Statements by $100,000 or more, the Government Plaintiffs may at their option: (a) rescind this Agreement and reinstate their suit based on the Covered Conduct, or (b) let the Agreement stand and collect the full Settlement Amount plus one hundred percent (100%) of the value of the net worth of Mr. Rathod or LSSP previously undisclosed. Mr. Rathod and LSSP agree not to contest any collection action undertaken by the Government Plaintiffs pursuant to this provision, and immediately to pay the Government Plaintiffs all reasonable costs incurred in such an action, including attorney's fees and expenses.

12.    In the event that the Government Plaintiffs, pursuant to Paragraph 11 (concerning disclosure of assets), above, opt to rescind this Agreement, Mr. Rathod and LSSP agree not to plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims that (a) are filed by the Government Plaintiffs within 90 calendar days of written notification to Mr. Rathod or LSSP that this Agreement has been rescinded; and (b) relate to the Covered Conduct, except to the extent these defenses were available on September 19, 2012.

13.    Mr. Rathod and LSSP waive and shall not assert any defenses that Mr. Rathod or LSSP may have to any criminal prosecution or administrative action relating to

the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of this Agreement constitutes an agreement by the Government Plaintiffs concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code, or State revenue laws.

14.     Mr. Rathod and LSSP fully and finally release the Government Plaintiffs, their agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Mr. Rathod or LSSP have asserted, could have asserted, or may assert in the future against the Government Plaintiffs, their agencies, officers, agents, employees, and servants, related to the Covered Conduct and the Government Plaintiffs' investigation and prosecution thereof.

15.     The Settlement Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare contractor (*e.g.*, Medicare Administrative Contractor, fiscal intermediary, carrier) or any state payer, related to the Covered Conduct; and Mr. Rathod and LSSP agree not to resubmit to any Medicare contractor or any state payer any previously denied claims related to the Covered Conduct, and agree not to appeal any such denials of claims.

16.     Mr. Rathod and LSSP agree to the following:

11

a.     Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395–1395kkk-1 and 1396–1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of Mr. Rathod, LSSP, and LSSP's present or former officers, directors, employees, shareholders, and agents in connection with:

(1)     the matters covered by this Agreement and any related plea agreement, including, but not limited to, the plea agreements of Mr. Rathod, Raju G. Nakum, Rajesh C. Makwana, and Sandeepkumar Kantilal Patel;

(2)     the Government Plaintiffs' audits and civil and criminal investigations of the matters covered by this Agreement;

(3)     Mr. Rathod and LSSP's investigations, defenses, and corrective actions undertaken in response to the Government Plaintiffs' audits and civil and criminal investigations in connection with the matters covered by this Agreement (including attorney's fees);

(4)     the negotiation and performance of this Agreement and any plea agreement, including, but not limited to, the plea agreements of Mr. Rathod, Raju G. Nakum, Rajesh C. Makwana, and Sandeepkumar Kantilal Patel; and

(5)     the payment Mr. Rathod and LSSP make to the United States pursuant to this Agreement and any payments that Mr. Rathod and LSSP may make to Relator, including costs and attorney's fees.

are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program ("FEHBP") (hereinafter referred to as "Unallowable Costs").

b.     Future Treatment of Unallowable Costs:  Unallowable Costs shall be separately determined and accounted for by Mr. Rathod and LSSP, and Mr. Rathod and LSSP shall not charge such Unallowable Costs directly or indirectly to any contracts

with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by Mr. Rathod, LSSP, or any of their subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

    c.  Treatment of Unallowable Costs Previously Submitted for Payment: Mr. Rathod and LSSP further agree that within 90 days of the Effective Date of this Agreement, they shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined in this Paragraph) included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Mr. Rathod, LSSP, or any of their subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs. Mr. Rathod and LSSP agree that the Government Plaintiffs, at a minimum, shall be entitled to recoup from Mr. Rathod and LSSP any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

    Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies. The Government Plaintiffs reserve their rights to disagree with any calculations submitted by Mr. Rathod, LSSP, or any of their subsidiaries or affiliates on

the effect of inclusion of Unallowable Costs (as defined in this Paragraph) on Mr. Rathod, LSSP, or any of their subsidiaries or affiliates' cost reports, cost statements, or information reports.

      d.     Nothing in this Agreement shall constitute a waiver of the rights of the Government Plaintiffs to audit, examine, or re-examine Mr. Rathod and LSSP's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

      17.     LSSP agrees to cooperate fully and truthfully with the Government Plaintiffs' investigations of individuals and entities not released in this agreement. On the terms set forth more fully in Mr. Rathod's plea agreement in *United States v. Rathod, et al.*, 1:12-CR-17 (W.D. Mich.), Mr. Rathod also agrees to cooperate fully and truthfully with the Government Plaintiffs' investigations of individuals and entities not released in this Agreement. Upon reasonable notice, Mr. Rathod and LSSP shall encourage, and agree not to impair, the cooperation of LSSP's directors, officers, and employees, and shall use their best efforts to make available, and encourage, the cooperation of former directors, officers, and employees for interviews and testimony, consistent with the rights and privileges of such individuals. Mr. Rathod and LSSP further agree to furnish to the Government Plaintiffs, upon request, complete and unredacted copies of all non-privileged documents, reports, memoranda of interviews, and records in their possession, custody, or control concerning any investigation of the Covered Conduct that they have undertaken, or that has been performed by another on their behalf.

14

18.     This Agreement is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph 19 (waiver for beneficiaries paragraph), below.

19.     Mr. Rathod and LSSP agree that they waive and shall not seek payment for any of the health care billings covered by this Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

20.     The Parties warrant that, in evaluating whether to execute this Agreement, they (a) have intended that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given to Mr. Rathod and LSSP, within the meaning of 11 U.S.C. § 547(c)(1); and (b) conclude that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange. Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which Mr. Rathod or LSSP were or became indebted to on or after the date of this transfer, within the meaning of 11 U.S.C. § 548(a)(1).

21.     If within 91 days of the Effective Date of this Agreement or of any payment made under this Agreement, Mr. Rathod, LSSP, or a third party commences any case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors (a) seeking to have any order for relief of Mr. Rathod or LSSP's debts, or seeking to adjudicate Mr. Rathod or LSSP as bankrupt or insolvent, or (b) seeking appointment of a receiver, trustee, custodian, or other similar official for

Mr. Rathod or LSSP or for all or any substantial part of Mr. Rathod or LSSP's assets, Mr. Rathod and LSSP agree as follows:

        a.    Mr. Rathod and LSSP's obligations under this Agreement may not be avoided pursuant to 11 U.S.C. § 547, and Mr. Rathod and LSSP shall not argue or otherwise take the position in any such case, proceeding, or action that: (i) Mr. Rathod and LSSP's obligations under this Agreement may be avoided under 11 U.S.C. § 547; (ii) Mr. Rathod and LSSP were insolvent at the time this Agreement was entered into, or became insolvent as a result of any payment made to the United States; or (iii) the mutual promises, covenants, and obligations set forth in this Agreement do not constitute a contemporaneous exchange for new value given to Mr. Rathod and LSSP.

        b.    If Mr. Rathod and LSSP's obligations under this Agreement are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the Government Plaintiffs, at their sole option, may rescind the releases in this Agreement and bring any civil and/or administrative claim, action, or proceeding against Mr. Rathod and LSSP for the claims that would otherwise be covered by the releases provided in Paragraphs 3 and 4, above. Mr. Rathod and LSSP agree that (i) any such claims, actions, or proceedings brought by the Government Plaintiffs are not subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) as a result of the action, case, or proceedings described in the first clause of this Paragraph, and Mr. Rathod and LSSP shall not argue or otherwise contend that the Government Plaintiffs' claims, actions, or proceedings are subject to an automatic stay; (ii) Mr. Rathod and LSSP shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any such civil

or administrative claims, actions, or proceeding that are brought by the Government Plaintiffs within 90 calendar days of written notification to Mr. Rathod or LSSP that the releases have been rescinded pursuant to this Paragraph, except to the extent such defenses were available on September 19, 2012; and (iii) the Government Plaintiffs have a valid claim against Mr. Rathod and LSSP, jointly and severally, in the amount of $3,106,800 in damages and the Government Plaintiffs may pursue their claims in the case, action, or proceeding referenced in the first clause of this Paragraph, as well as in any other case, action, or proceeding.

        c.     Mr. Rathod and LSSP acknowledge that their agreements in this Paragraph are provided in exchange for valuable consideration provided in this Agreement.

22.     Upon receipt of the payment described in Paragraph 1 above, the Government Plaintiffs shall promptly sign and file a Satisfaction of Consent Judgment in the Civil Action.

23.     Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

24.     Each party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

25.     This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Western District of Michigan. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to

this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

26. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

27. The undersigned represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

28. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

29. This Agreement is binding on Mr. Rathod and LSSP's successors, transferees, heirs, and assigns.

30. This Agreement is binding on Relator's successors, transferees, heirs, and assigns.

31. All parties consent to the Government Plaintiffs' disclosure of this Agreement, and information about this Agreement, to the public.

32. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

## THE UNITED STATES OF AMERICA

DATED: _6/17/13_

PATRICK A. MILES, JR.
United States Attorney

BY: _Adam B. Townshend_

ADAM B. TOWNSHEND
Assistant U.S. Attorney
P.O. Box 208
Grand Rapids, MI 49501
Tel: (616) 456-2404

DATED: _6/21/13_   BY: _Robert K. DeConti_

ROBERT K. DECONTI
Assistant Inspector General for Legal Affairs
Office of Counsel to the
Inspector General
Office of Inspector General
United States Department of
Health and Human Services

### THE STATE OF MICHIGAN

DATED: 6/20/13

BILL SCHUETTE
Attorney General

BY: _____

JEFFREY SCHRODER
Assistant Attorney General
Health Care Fraud Division

DATED: 6-20-13

BY: _____

STEPHEN FITTON
Deputy Director for the Medical Services
    Administration
Michigan Department of Community Health
Lewis Cass Building, Sixth Floor
320 South Walnut Street
Lansing, MI 48913

20

**BABUBHAI RATHOD**

DATED: 6|17|13    BY: _____

Babubhai Rathod

In addition to the terms of the Agreement set forth above, I acknowledge that I have carefully reviewed and consulted with legal counsel, J. Terrance Dillon, regarding the terms of this Agreement. I further represent, as set forth more fully above, that I understand the terms of this Agreement and voluntarily enter into this Agreement with full knowledge of its terms and without any degree of duress or compulsion.

DATED: 6|17|13 .    BY: _____

Babubhai Rathod

DATED: 6/17/03    ACKNOWLEDGED BY:

_____
J. Terrance Dillon
Myers, Nelson, Dillon & Shierk PLLC
125 Ottawa Avenue, N.W.
Grand Rapids, MI 49503
Tel: (616) 233-9640

21

**LAKESHORE SPINE & PAIN, P.C.**

DATED: __6 | 17 | 3__ . BY: _____
                                            Babubhai Rathod

**AMBER WEST**

DATED: 6-18-13        BY: _____
                          Amber West

DATED: 6/18/13        BY: _____
                          CHARLES M. FORTINO
                          Fortino, Plaxton & Costanzo, P.C.
                          214 East Superior Street
                          Alma, MI 48801

                          Counsel for Amber West

DATED: 6/18/13        BY: _____
                          ALAN G. GILCHRIST
                          The Health Law Partners, P.C.
                          29566 Northwestern Highway, Suite 200
                          Southfield, MI 48034

                          Counsel for Amber West

23

## EXHIBIT A

**(Consent Judgment)**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
and the STATE OF MICHIGAN,
*ex rel.* AMBER WEST,

                Plaintiffs,                    Case No. 1:11-CV-1051

v.                                        Hon. Paul L. Maloney
                                                   Chief United States District Judge
LAKESHORE HOME HEALTH CARE,
INC., *et al.*,

                Defendants.

_____/

## CONSENT JUDGMENT AGAINST
## DEFENDANTS BABUBHAI B. RATHOD AND LAKESHORE SPINE & PAIN, P.C.

### Introduction

    1.      This litigation arises from an action filed by Relator, captioned *United States, et al., ex rel. West v. U.S. Rehab Services, P.C., et al.*, No. 1:11-cv-1051 (W.D. Mich.) (Docket No. ("Dkt.") 1), under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b), and the Michigan Medicaid False Claims Act, MICH. COMP. LAWS § 400.610a(1). On September 19, 2012, the United States of America and the State of Michigan (the "Government Plaintiffs"), having intervened in this *qui tam* action, filed a Complaint Upon Intervention styled *United States, et al., ex rel. West v. Lakeshore Home Health Care, Inc., et al.*, No. 1:11-cv-1051 (W.D. Mich.) (Dkt. 35).

    2.      As set forth more fully in their Complaint Upon Intervention, the Government Plaintiffs contend that they have certain civil claims against Defendants Babubhai B. Rathod and Lakeshore Spine & Pain, P.C. ("LSSP") arising from claims that LSSP and other health care

companies owned and/or controlled by Mr. Rathod submitted to Medicare and Medicaid between January 1, 2007 and January 24, 2012 for physical therapy, electrodiagnostic testing, and/or home health care services that were referred to those companies in exchange for illegal remuneration and/or kickbacks in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b, the physician self-referral statute (the "Stark Law"), 42 U.S.C. § 1395nn, the False Claims Act, 31 U.S.C. § 3729, *et seq.*, the Michigan Medicaid False Claims Act, MICH. COMP. LAWS §§ 400.604, 400.607, 400.610a, and the common law.

As set forth more fully in their Complaint Upon Intervention, the Government Plaintiffs further contend that they have certain civil claims against Mr. Rathod and LSSP arising from claims that LSSP submitted to Medicare and Medicaid between January 1, 2007 and January 24, 2012 using medical billing codes that reflected more complex and expensive services than the services that were actually rendered to patients in violation of the False Claims Act, 31 U.S.C. § 3729, *et seq.*, the Michigan Medicaid False Claims Act, MICH. COMP. LAWS §§ 400.607, 400.610a, and the common law.

### Jurisdiction and Venue

3.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1345, 1355(a), 1367, and 31 U.S.C. §§ 3732(a) and 3732(b).  Defendants Rathod and LSSP admit that this Court has jurisdiction over them and the subject matter of this action.

4.     Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), 1395(a), and 31 U.S.C. § 3732(a).

### The Parties' Settlement Agreement

5.     To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the Government Plaintiffs' claims, the Government Plaintiffs, Defendants Rathod

and LSSP, and Relator (the "Parties") have agreed to compromise their respective positions and to fully and finally resolve their disputes on the terms and conditions set forth in the Settlement Agreement attached hereto as Exhibit 1. Pursuant to Paragraph 1 of the Settlement Agreement, the Parties have stipulated to entry of this Consent Judgment.

6.      The Court finds that the Settlement Agreement and this Consent Judgment are fair, adequate, and reasonable within the meaning of the False Claims Act, 31 U.S.C. § 3730(c)(2)(B), and the Michigan Medicaid False Claims Act, MICH. COMP. LAWS § 400.610a(5)(b).

7.      The Court further finds that it has jurisdiction to enter this Consent Judgment. Accordingly, IT IS HEREBY AGREED, ORDERED, AND ADJUDGED as follows:

## Terms of Consent Judgment

a.      Judgment is hereby entered in favor of the Government Plaintiffs against Defendants Babubhai B. Rathod and Lakeshore Spine & Pain, P.C., jointly and severally, in the amount of ONE MILLION, ONE HUNDRED THOUSAND DOLLARS ($1,100,000); and

b.      The Court shall maintain jurisdiction over this action as it pertains to Defendants Babubhai B. Rathod and Lakeshore Spine & Pain, P.C., only for purposes of enforcing this Consent Judgment.

IT IS SO ORDERED.


Dated: _____            _____
                                        Hon. Paul L. Maloney
                                        Chief United States District Judge

The Parties hereby apply for and consent to the entry of this Consent Judgment.

**FOR THE UNITED STATES OF AMERICA**

      PATRICK A. MILES, JR.
      United States Attorney

By: _Adam B. Townshend_            Dated: ___6/21/13___
      ADAM B. TOWNSHEND
      Assistant U.S. Attorney
      U.S. Attorney's Office,
      Western District of Michigan
      330 Ionia Ave. NW, Suite 501
      Grand Rapids, MI 49503

**FOR THE STATE OF MICHIGAN**

      BILL SCHUTTE
      Attorney General

By: _Jeffrey Schroder /ABT with permission_    Dated: ___6/21/13___
      JEFFREY SCHRODER
      Assistant Attorney General
      Health Care Fraud Division
      P.O. Box 30218
      Lansing, MI 48909

**FOR BABUBHAI B. RATHOD**

By: _____            Dated: ___6 | 17 | 13___
      BABUBHAI B. RATHOD

**FOR LAKESHORE SPINE & PAIN, P.C.**

By: _____            Dated: ___6 | 17 | 13___
      BABUBHAI B. RATHOD
      as an officer of
      Lakeshore Spine & Pain, P.C.

**FOR RELATOR AMBER WEST**

By: _____        Dated: _6 - 18 - 13_
        AMBER WEST

By: _____        Dated: _6/18/13_
        CHARLES M. FORTINO
        Fortino, Plaxton & Costanzo, P.C.
        214 East Superior Street
        Alma, MI 48801

        Counsel for Amber West

By: _____        Dated: _6/18/13_
        ALAN G. GILCHRIST
        The Health Law Partners, P.C.
        29566 Northwestern Highway, Suite 200
        Southfield, MI 48034

        Counsel for Amber West

5