# Exhibit A

# EXCLUSION AGREEMENT

## I. Recitals

1. Parties. This Exclusion Agreement (Agreement), is entered into between Wanda Ottinger (Ottinger), and the Office of Inspector General for the United States Department of Health and Human Services (OIG) (the Parties).

2. Allegations and Investigation of Wanda Ottinger. The U.S. Attorney's Office for the Western District of Michigan, the Michigan Attorney General's Office, and OIG conducted a joint investigation of Ottinger, for knowingly and willfully receiving illegal remuneration in exchange for referring patients for the furnishing of items or services for which payment may be made in whole or in part under a Federal health care program. Based upon that investigation, the OIG alleges that, during the period from December 1, 2009 to January 31, 2012, Ottinger referred patients to health care entities for physical therapy and home health care services in exchange for illegal kickbacks in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b)(1)(A).

3. Exclusion Authority. Section 1128(b)(7) of the Social Security Act (Act), 42 U.S.C. § 1320a-7(b)(7), permits the OIG to exclude from participation in all Federal health care programs any individual or entity that the OIG determines has committed an act which violates the Anti-Kickback Statute.

## II. Terms of Agreement

4. Intention of Parties. In order to avoid the uncertainty and expense of litigation, the Parties agree to resolve this matter according to the terms set forth below.

5. Program Exclusion. In compromise and settlement of the rights of OIG to exclude Ottinger pursuant to 42 U.S.C. § 1320a-7(b)(7) for the conduct described in Paragraph 2, Ottinger agrees to be excluded under this statutory provision from Medicare, Medicaid, and all other Federal health care programs, as defined in 42 U.S.C. § 1320a-7b(f), for five years. Such exclusion shall have national effect. Federal health care programs shall not pay Ottinger or anyone else for items or services, including administrative and management services, furnished, ordered, or prescribed by Ottinger in any capacity while Ottinger is excluded. This payment prohibition applies to Ottinger and all other individuals and entities (including, for example, anyone who employs or contracts with Ottinger, and any hospital or other provider where Ottinger provides services). The exclusion applies regardless of who submits the claims or other request for payment. Ottinger further agrees to hold the Federal health care programs, and all federal beneficiaries and/or sponsors, harmless from any financial responsibility for items

or services furnished, ordered, or prescribed to such beneficiaries or sponsors after the effective date of the exclusion. Ottinger waives any further notice of the exclusion and agrees not to contest such exclusion either administratively or in any state or federal court.

Ottinger understands that violations of the conditions of exclusion may subject her to criminal prosecution, the imposition of civil money penalties and assessments, and an additional period of exclusion (see 42 U.S.C. §§ 1320a-7b and 1320a-7a).

6. Reinstatement to Program Participation. Reinstatement to program participation is not automatic. If Ottinger wishes to be reinstated, she must submit a written request for reinstatement to the OIG in accordance with the provisions of 42 C.F.R. §§ 1001.3001-.3005. Such request may be made to the OIG no earlier than 120 days prior to the expiration of the period of exclusion reflected in Paragraph 5. Reinstatement becomes effective only upon notice of reinstatement by the OIG after OIG approval of the application by Ottinger. Obtaining another license, moving to another state, or obtaining a provider number from a Medicare contractor, a state agency, or a Federal health care program does not reinstate Ottinger's eligibility to participate in these programs.

7. Limitation of Release by the OIG. This Agreement does not address, nor is it intended to address, any conduct of Petitioner other than the conduct described in Paragraph 2. This Agreement neither bars nor limits any right, remedy, or cause of action that OIG or any other governmental entity may commence against Ottinger, nor does this Agreement affect Ottinger's status or liability under Title 26 of the U.S. Code (Internal Revenue Code).

8. Release by Ottinger. Ottinger shall not contest, in any manner, the terms or provisions of this Agreement, nor shall Ottinger seek any remedy or relief for any matter, cause of action, or claim arising from implementation of this Agreement. Ottinger expressly waives all procedural rights granted under the OIG's exclusion authority and regulations, section 1128 of the Act, 42 U.S.C. § 1320a-7, and 42 C.F.R. Parts 1001 and 1005, including, but not limited to any notice, hearing, or appeal with respect to her exclusion.

9. Ottinger's Knowledge of Agreement. Ottinger represents that this Agreement is entered into with knowledge of the events described herein. Ottinger further represents that this Agreement is freely and voluntarily entered into without any duress or compulsion whatsoever and with the assistance and advice of legal counsel.

10. Disclosure. Ottinger consents to the OIG's disclosure of this Agreement, and information about this Agreement, to the public.

11. Costs. Each Party to this Agreement shall bear its own fees and costs, including attorney's fees and costs.

12. Effect of Agreement. This Agreement contains a complete description of the bargain between the Parties. All material representations, understandings and promises of the parties are contained in this Agreement. Any modifications to this Agreement shall be set forth in writing and signed by all Parties.

13. Effective Date of Agreement. This Agreement is effective (i.e., final and binding) on the date of signature of the last signatory to the Agreement.

14. Execution of Agreement. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement. Facsimiles of signatures shall constitute acceptable, binding signatures for the purposes of this Agreement.

**For Wanda Ottinger**

__________ ______________________________
Date Wanda Ottinger

__________ ______________________________
Date Julie O'Neil, Esq.

**For the Office of Inspector General**

12/13/13 Robert K. DeConti
Date

Robert K. DeConti
Assistant Inspector General for Legal Affairs
Office of Inspector General
U.S. Department of Health and Human Services

**For Wanda Ottinger**

Dec 5, 2013
Date

Wanda Ottinger

12-5-13
Date

Julie O'Neil, Esq.

**For the Office of Inspector General**

Date

Robert K. DeConti
Assistant Inspector General for Legal Affairs
Office of Inspector General
U.S. Department of Health and Human Services