# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General ("OIG-HHS") of the Department of Health and Human Services ("HHS"), the State of Michigan ("Michigan," and together with the United States, the "Government Plaintiffs"), Muhammad Salman Rais, M.D., and Relator Amber West (hereafter collectively referred to as "the Parties"), through their authorized representatives.

## RECITALS

A. Dr. Rais is a physician residing at 13811 Myrtle Drive, DeWitt, Michigan 48820. Between at least 2010 and 2012, Dr. Rais practiced medicine at DeWitt Family Practice, 12775 Escanaba Drive, Suite 1, DeWitt, Michigan 48820. During that time, Dr. Rais provided services to, among others, individuals insured by the Medicare Program ("Medicare") administered by HHS through the Centers for Medicare and Medicaid Services ("CMS"), and the Medicaid Program ("Medicaid") jointly administered by CMS and the Michigan Department of Community Health.

B. On September 30, 2011, Relator Amber West filed a *qui tam* action in the United States District Court for the Western District of Michigan captioned *United States, et al. ex rel. West v. U.S. Rehab Services P.C., et al.*, No. 1:11-CV-1051 (W.D. Mich.), pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "Civil Action"). In the Civil Action, Relator alleged, among other things, that health care entities owned and/or controlled by Babubhai B. Rathod (the "Rathod Companies"), by and through their corporate principals, paid illegal remuneration and/or kickbacks to

medical practitioners in order to induce the referral of patients to the Rathod Companies for health care services. The United States intervened in the Civil Action on May 29, 2012 and filed its Complaint Upon Intervention on September 19, 2012.

C. The Government Plaintiffs contend that Dr. Rais submitted or caused to be submitted claims for payment to Medicare, Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1, and Medicaid, Title XIX of the Social Security Act, 42 U.S.C. §§ 1396–1396w-5.

D. The Government Plaintiffs contend that they have certain civil claims against Dr. Rais arising from claims that the Rathod Companies submitted to Medicare and Medicaid between October 26, 2010 and October 30, 2011 for physical therapy, electrodiagnostic testing, and/or home health care services that Dr. Rais referred to the Rathod Companies in exchange for illegal remuneration and/or kickbacks in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b, the False Claims Act, 31 U.S.C. § 3729, *et seq*., and the Michigan Medicaid False Claims Act, MICH. COMP. LAWS §§ 400.601, *et seq.* That conduct, outlined more fully in the Government Plaintiffs' Complaint Upon Intervention in the Civil Action, is referred to below as the "Covered Conduct."

E. Relator claims entitlement under the False Claims Act, 31 U.S.C. § 3730(d), to a share of the proceeds of this Settlement Agreement and to Relator's reasonable expenses, attorney's fees and costs.

F. This Settlement Agreement is not an admission of liability by Dr. Rais, nor is this Settlement Agreement a concession by the Government Plaintiffs that their claims are not well founded.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

TERMS AND CONDITIONS

1. Dr. Rais shall pay to the United States FIFTEEN THOUSAND, FIVE HUNDRED AND TWENTY DOLLARS ($15,520) (the "Settlement Amount") by electronic funds transfer pursuant to written instructions to be provided by the Office of the United States Attorney for the Western District of Michigan no later than 20 days after the Effective Date of this Agreement.

2. Dr. Rais shall pay to Relator expenses, attorney's fees, and costs in an amount to be negotiated by Relator and Dr. Rais, or as set forth in an order from the United States District Court for the Western District of Michigan, as the case may be.

3. Subject to the exceptions in Paragraphs 7 and 8 (concerning excluded claims) below, and conditioned upon Dr. Rais's full payment of the Settlement Amount, the United States releases Dr. Rais from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. § 3729, *et seq.*; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. § 3801, *et seq.*; the civil monetary penalty provisions of the Stark Law, 42 U.S.C. §§ 1395nn(g)(3), 1395nn(g)(4); and the common law theories of payment by mistake, unjust enrichment, and fraud.

4. Subject to the exceptions in Paragraphs 7 and 8 (concerning excluded claims) below, and conditioned upon Dr. Rais's full payment of the Settlement Amount, Michigan releases Dr. Rais from any civil or administrative monetary claim Michigan has

for the Covered Conduct under the Michigan Medicaid False Claims Act, MICH. COMP. LAWS § 400.601, *et seq.*, the Social Welfare Act, MICH. COMP. LAWS § 400.111a–j, or the common law theories of payment by mistake, unjust enrichment, disgorgement, recoupment of overpayments, and fraud.

5. Subject to the exceptions in Paragraphs 7 and 8 below, and conditioned upon Dr. Rais's full payment of the Settlement Amount, Relator, for herself and for her heirs, successors, attorneys, agents, and assigns, releases Dr. Rais from any civil monetary claim Relator has on behalf of the United States for the Covered Conduct under the False Claims Act, 31 U.S.C. § 3729, *et seq.*

6. OIG-HHS expressly reserves all rights to institute, direct, or to maintain any administrative action seeking exclusion against Dr. Rais from Medicare, Medicaid, or other Federal health care programs (as defined in 42 U.S.C. § 1320a-7b(f)) under 42 U.S.C. § 1320a-7(a) (mandatory exclusion) or 42 U.S.C. § 1320a-7(b) or 42 U.S.C. § 1320a-7a (permissive exclusion).

7. Notwithstanding the releases given in Paragraphs 3 and 4 of this Agreement, or any other term of this Agreement, the following claims of the United States are specifically reserved and are not released:

a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

b. Any criminal liability;

c. Except as explicitly stated in this Agreement, any administrative liability, including mandatory exclusion from Federal health care programs;

d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

e. Any liability based upon obligations created by this Agreement;

f. Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services;

g. Any liability for failure to deliver goods or services due;

h. Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct; and

i. Any liability of individuals who receive written notification that they are the target of a criminal investigation (as defined in the United States Attorneys' Manual), are indicted or charged, or who enter into a plea agreement, related to the Covered Conduct.

8. Notwithstanding the releases given in this Agreement, or any other term of this Agreement, the following claims of Michigan are specifically reserved and are not released:

a. Any liability arising under state revenue laws;

b. Any criminal liability;

c. Except as explicitly stated in this Agreement, any administrative liability, including mandatory exclusion from State health care programs;

d. Any liability to Michigan (or its agencies) for any conduct other than the Covered Conduct;

e. Any liability based upon obligations created by this Agreement;

f. Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services;

g. Any liability for failure to deliver goods or services due;

h. Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct; and

i. Any liability of individuals who receive written notification that they are the target of a criminal investigation, are indicted or charged, or who enter into a plea agreement, related to the Covered Conduct.

9. Relator and her heirs, successors, attorneys, agents, and assigns shall not object to this Agreement but agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). In connection with this Agreement and this Civil Action, Relator and her heirs, successors, attorneys, agents, and assigns agree that neither this Agreement, any intervention by the Government Plaintiffs in the Civil Action in order to dismiss the Civil Action, nor any dismissal of the Civil Action, shall waive or otherwise affect the ability of the Government Plaintiffs to contend that provisions in the False Claims Act or the Michigan Medicaid False Claims Act, including 31 U.S.C. §§ 3730(d)(3) and 3730(e), and MICH. COMP. LAWS § 400.610a, bar Relator from sharing in the proceeds of this Agreement. Moreover, the Government Plaintiffs and Relator and her heirs, successors, attorneys, agents, and assigns agree that they each retain all of their rights pursuant to the False Claims Act and the Michigan Medicaid False Claims Act on the issue of the share percentage, if any, that Relator should receive of any proceeds of the settlement of her claim(s) and that no agreements concerning Relator share have been reached to date.

10. Conditioned upon Relator's receipt of the payments described in Paragraph 2, Relator, for herself and for her heirs, successors, attorneys, agents, and assigns, shall release Dr. Rais from any liability to Relator arising from the filing of the Civil Action, or under the False Claims Act, 31 U.S.C. § 3730(d), and the Michigan Medicaid False Claims Act, MICH. COMP. LAWS § 400.610a(9), for expenses or attorney's fees and costs.

11. Dr. Rais waives and shall not assert any defenses Dr. Rais may have to any criminal prosecution or administrative action relating to the Covered Conduct that

may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of this Agreement constitutes an agreement by the Government Plaintiffs concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code, or State revenue laws.

12. Dr. Rais fully and finally releases the Government Plaintiffs, their agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Dr. Rais has asserted, could have asserted, or may assert in the future against the Government Plaintiffs, their agencies, officers, agents, employees, and servants, related to the Covered Conduct and the Government Plaintiffs' investigation and prosecution thereof.

13. The Settlement Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare contractor (e.g., Medicare Administrative Contractor, fiscal intermediary, carrier) or any state payer, related to the Covered Conduct; and Dr. Rais agrees not to resubmit to any Medicare contractor or any state payer any previously denied claims related to the Covered Conduct, and agrees not to appeal any such denials of claims.

14. Dr. Rais agrees to the following:

a. Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 and 1396-1396w-5; and the

regulations and official program directives promulgated thereunder) incurred by or on behalf of Dr. Rais in connection with:

(1) the matters covered by this Agreement;

(2) the Government Plaintiffs' audit(s) and civil and criminal investigation(s) of the matters covered by this Agreement;

(3) Dr. Rais's investigation, defense, and corrective actions undertaken in response to the Government Plaintiffs' audit(s) and civil and criminal investigation(s) in connection with the matters covered by this Agreement (including attorney's fees);

(4) the negotiation and performance of this Agreement; and

(5) the payment Dr. Rais makes to the United States pursuant to this Agreement and any payments that Dr. Rais may make to Relator, including costs and attorney's fees

are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program ("FEHBP") (hereinafter referred to as "Unallowable Costs").

b. Future Treatment of Unallowable Costs: Unallowable Costs shall be separately determined and accounted for by Dr. Rais, and Dr. Rais shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by Dr. Rais to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

c. Treatment of Unallowable Costs Previously Submitted for Payment: Dr. Rais further agrees that within 90 days of the Effective Date of this Agreement he shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined in this Paragraph) included in payments previously sought from the

United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Dr. Rais, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs. Dr. Rais agrees that the Government Plaintiffs, at a minimum, shall be entitled to recoup from Dr. Rais any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies. The Government Plaintiffs reserve their rights to disagree with any calculations submitted by Dr. Rais on the effect of inclusion of Unallowable Costs (as defined in this Paragraph) on Dr. Rais's cost reports, cost statements, or information reports.

d. Nothing in this Agreement shall constitute a waiver of the rights of the Government Plaintiffs to audit, examine, or re-examine Dr. Rais's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

15. Dr. Rais agrees to cooperate fully and truthfully with the Government Plaintiffs' investigation of individuals and entities not released in this Agreement. Dr. Rais further agrees to furnish to the Government Plaintiffs, upon request, complete and unredacted copies of all non-privileged documents, reports, memoranda of interviews,

and records in his possession, custody, or control concerning any investigation of the Covered Conduct that he has undertaken, or that has been performed by another on his behalf.

16. This Agreement is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph 17 (waiver for beneficiaries paragraph) below.

17. Dr. Rais agrees that he waives and shall not seek payment for any of the health care billings covered by this Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

18. Upon receipt of the payment described in Paragraph 1, above, the Parties shall promptly sign and file in the Civil Action a Joint Stipulation of Dismissal of the Civil Action pursuant to Rule 41(a)(1).

19. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

20. Each party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

21. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Western District of Michigan. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

22. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

23. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

24. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

25. This Agreement is binding on Dr. Rais's successors, transferees, heirs, and assigns.

26. This Agreement is binding on Relator's successors, transferees, heirs, and assigns.

27. All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

28. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

**THE UNITED STATES OF AMERICA**

PATRICK A. MILES, JR.
U.S. Attorney

DATED: 2/12/14 BY: Adam B. Townshend

ADAM B. TOWNSHEND
Assistant U.S. Attorney
P.O. Box 208
Grand Rapids, MI, 49501
Tel: (616) 456-2404

DATED: 2/10/14 BY: Robert K. DeConti

ROBERT K. DECONTI
Assistant Inspector General for Legal Affairs
Office of Counsel to the
Inspector General
Office of Inspector General
United States Department of
Health and Human Services

**THE STATE OF MICHIGAN**

DATED: 1/22/14 BY: ______________________

JEFFREY SCHRODER
Assistant Attorney General
Health Care Fraud Division
State of Michigan

DATED: 1/21/14 BY: ______________________

STEPHEN FITTON
Deputy Director for the Medical Services Administration
Michigan Department of Community Health
Lewis Cass Building, Sixth Floor
320 South Walnut Street
Lansing, MI 48913

**MUHAMMAD SALMAN RAIS, M.D.**

DATED: 1/8/14 BY: ______________________
MUHAMMAD SALMAN RAIS, M.D.

DATED: 1/14/14 BY: ______________________
MARK J. MANDELL
Fausone Bohn, LLP
41700 West Six Mile Road
Suite 101
Northville, MI 48168

*Counsel for Dr. Rais*

**AMBER WEST**

DATED: 1/27/14 BY: ____________________
AMBER WEST

DATED: 1/21/14 BY: ____________________
CHARLES M. FORTINO
Fortino, Plaxton & Costanzo, P.C.
214 East Superior Street
Alma, MI 48801

*Counsel for Amber West*

DATED:__________ BY: ____________________
ALAN G. GILCHRIST
The Health Law Partners, P.C.
29566 Northwestern Highway, Suite 200
Southfield, MI 48034

*Counsel for Amber West*

**AMBER WEST**

DATED:__________ BY: ______________________________
AMBER WEST

DATED:__________ BY: ______________________________
CHARLES M. FORTINO
Fortino, Plaxton & Costanzo, P.C.
214 East Superior Street
Alma, MI 48801

*Counsel for Amber West*

DATED: 1/21/14 BY: ______________________________
ALAN G. GILCHRIST
The Health Law Partners, P.C.
29566 Northwestern Highway, Suite 200
Southfield, MI 48034

*Counsel for Amber West*